## McDOUGALD v. CHILDS.

### Opinion delivered November 13, 1916.

PUBLIC LANDS—FRAUD IN PROCURING PATENT—RIGHTS OF GRANTEES OF PATENTEE.—Appellee and one M. procured a deed to certain land, but finding that no title was acquired thereby it was agreed that M.'s son should homestead the land and after securing a patent that a deed should be given to appellee for the land, appellee advancing the money necessary to procure the patent. The agreement was carried out, and appellee occupied portions of the land for over twenty years. The patentee of the land thereafter conveyed to appellant, who sought to recover the land on the theory that the agreement between appellee and M. and his son was invalid as being in violation of §§ 2289-90, Revised Statutes of the United States. Held, the law relating to the issuance of patents having been complied with, and the government not having objected, that a grantee of the patentee was in no position to complain of the transaction upon the grounds of fraud.

Appeal from Bradley Chancery Court; Z. T. Wood, Chancellor; affirmed.

*B. L. Herring,* for appellant.

1. The possession of appellee was only permissive. It was never adverse and the burden was on him to prove adverse possession for the required length of time and the quantity of land so held. 79 Ark. 109; 82 *Id.* 51.

2. The land was the homestead of Moman. His wife has never joined in any deed to appellee. Kirby's Dig., § 3901; 57 Ark. 242.

3. One cannot homestead land from the government for another. Rev. St. U. S., § 2289; 19 Wall. 646; 86 S. C. Rep. 219.

*J. R. Wilson,* for appellee.

1. The testimony shows adverse possession for the requisite time. 74 Ark. 486; 96 *Id.* 612; 82 *Id.* 33; 50 *Id.* 340; 65 *Id.* 427; 43 *Id.* 486; 48 *Id.* 316; 101 *Id.* 163; 80 *Id.* 444; *Ib.* 575; 83 *Id.* 303; 87 *Id.* 625; 90 *Id.* 149; 108 *Id.* 276.

2. Morris Moman, Jr., took his title from the U. S. in trust for appellee. No one except the U. S. can complain. 60 Fed. 34; 32 Cyc. 1060-1; 23 Ill. 91;

47 Kans. 676; 29 Pac. 607; 7 Minn. 286; 20 How. (U. S.) 558; 7 Ind. 277.

3. A wife is not entitled to homestead in lands held in trust for another. 32 Kans. 53; 11 Tex. 346; 8 Minn. 309; 21 Cyc. 508.

4. A patent may be obtained by one in trust for another. 29 Mich. 146; 14 Kans. 259; 19 *Id.* 397; 7 Mo. 610; 61 Am. Dec. 593; 137 Mo. 482; 96 Ark. 612, 613.

SMITH, J. This action was brought by appellant as the vendee of the patentee of the eighty acres of land in controversy to recover that land, and the issues in the case grow out of the allegations of the answer. It was alleged in the answer that the quarter section of which the eighty acres in controversy was a part was patented by the United States to Maurice Moman, March 25, 1890, and immediately thereafter, for a valuable consideration, Moman agreed to convey the disputed land to appellee, who was the defendant below, and put him in the actual possession of the land, and that appellee has since been in the open, continuous and adverse possession of said lands, and has paid all taxes due thereon from 1895 to date, and that Moman executed his deed to McDougald without consideration and with the intention of defrauding appellee by conveying to a third party.

There was a motion that Moman be made a party, and this action was taken, and there was a prayer that Moman be required to make appellee a deed, and for general relief, and the cause was transferred to the chancery court where, upon final hearing, the court cancelled the deed from Moman to McDougald and quieted and confirmed the title of appellee as against any claim of either Moman or McDougald.

The evidence is sharply conflicting; but we think the finding in appellee's favor upon the controlling questions of fact cannot be said to be clearly against the preponderance of the evidence.

Appellee and Moman's father procured a deed to this land from a Mr. Belin, but ascertained that no title was thus acquired, whereupon it was agreed that Moman, Jr., should homestead the land and that after the patent had been secured appellee should be given a deed to the land in controversy. Pursuant to this agreement appellee advanced the money to cover the expenses incurred in securing the patent.

Appellee had extended his fence from time to time, and while he had possession of a large part of the land for more than seven years, there was a small part which he had never enclosed, and a somewhat larger portion which had not been enclosed for the full period of seven years; but the parties agreed upon a lane as constituting the dividing line between the portions of the land respectively claimed by them.

It was shown that during all this time appellee paid the taxes on the land in his own name and cleared and improved it; but it is said that this was done in consideration of the permissive possession under which it was held. But, as we have said, we think the evidence sustains the finding that this possession was not permissive, but was adverse.

The real question in the case is whether such an agreement is binding and enforceable if it was made. Appellant points out that the homestead entryman, among other things, must swear that "This application is honestly and in good faith made for the purpose of actual settlement and cultivation and not for the benefit of any other person, persons, or corporation. * * * That I am not acting as agent of any person, corporation or syndicate in making this entry, nor in collusion with any person, corporation, or syndicate to give them the benefit of the land entered, or any part thereof, or the timber thereon; that I do not apply to enter the same for the purpose of speculation, but in good faith to obtain a home for myself, and that I have not directly or indirectly, made, and will not make, any agreement or contract in any way or manner, with any person or persons, corporation or syndicate whatsoever,

by which the title which I may acquire from the Government of the United States will inure in whole or in part to the benefit of any person except myself." Sec. 2290, Revised Statutes of the United States.

And upon the authority of the case of *Warren* v. *Van Brunt*, 19 Wallace 646, it is said that Moman could not have made a valid entry of the land except for his own use, and any agreement whereby another person should have an interest in the land is void and cannot be enforced in a court of equity.

Appellee, however, is not seeking affirmative relief. He says he has the possession and the right to the possession under his agreement with Moman. It does not appear that any intention existed upon the part of either appellee or Moman to practice a fraud upon the Government in procuring the patent. The law concerning the issuance of the patent was complied with, and although more than twenty-six years have expired since its issuance, the Government has not complained that any fraud was practiced in its procurement. If there was a fraud Moman was a party to it and a beneficiary of it and he cannot in this proceeding be permitted to defeat his own contract where a recovery must be had by him, or his vendee, upon the strength of their title by showing that this title was acquired by a fraud practiced upon the Government in obtaining the patent. *Scott* v. *Lockey Investment Co.*, 60 Fed. 34; *Johnson* v. *Towsley*, 13 Wallace 72; 32 Cyc. 1060; *Boyd* v. *Mammoth Spring Improvement Co.*, 137 Mo. 482; *Barlow* v. *Barlow*, 47 Kansas 689.

We think the equity of the case is with appellee, and as the finding of the chancellor is not clearly against the preponderance of the evidence the decree will be affirmed.